**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 22-10964 (MEW)<br><br>(Jointly Administered) |
| CELSIUS NETWORK LIMITED, CELSIUS NETWORK LLC and affiliated Post-Effective Date Debtors, by and through the Blockchain Recovery Investment Consortium, LLC, acting in its capacity as the Complex Asset Recovery Manager and Litigation Administrator,<br><br>Plaintiffs,<br><br>-against-<br><br>HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, 100X HOLDINGS LIMITED, SHINE EFFORT INC. LIMITED, and HDR GLOBAL SERVICES (BERMUDA) LIMITED,<br><br>Defendants. | Adv. Proc. No. 1:26-ap-01091 (MEW) |

**[PROPOSED] JOINT STIPULATION AND AGREED SCHEDULING ORDER BY AND AMONG PLAINTIFFS AND DEFENDANTS HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, SHINE EFFORT INC. LIMITED, AND HDR GLOBAL SERVICES (BERMUDA) LIMITED**

This stipulation and agreed scheduling order (the "Stipulation and Order") is entered into by and among Celsius Network Limited, Celsius Network LLC and affiliated Post-Effective Date Debtors, by and through the Blockchain Recovery Investment Consortium, LLC, acting in its capacity as the Complex Asset Recovery Manager and Litigation Administrator ("Plaintiffs") on

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).

the one hand, and Defendants HDR Global Trading Limited, ABS Global Trading Limited ("ABS"), Shine Effort Inc. Limited, and HDR Global Services (Bermuda) Limited (collectively, "Defendants," and together with Plaintiffs, the "Parties") on the other.[2]

## RECITALS

**WHEREAS**, on September 12, 2026, Plaintiffs filed their complaint against Defendants (the "Complaint") [Dkt. No. 1];

**WHEREAS,** on September 23, 2026, Plaintiffs served the summons and Complaint on Defendant ABS [Dkt. No. 3];

**WHEREAS**, Defendants (other than ABS) have agreed to accept service of the summonses and Complaint, and to waive their objections to service of process;

**WHEREAS**, the Parties have met and conferred regarding an agreement to set Defendants' response deadline to the Complaint and to establish a briefing schedule, should any be needed, for any motion by Defendants related to the Complaint.

**WHEREAS**, the Parties respectfully request that the Court enter this Stipulation and Order at its convenience and without further notice or hearing,

**IT IS THEREFORE STIPULATED AND AGREED**, by and among the undersigned counsel for the Parties, that:

1. Defendants (other than ABS) agree to accept service of the summonses and the Complaint;

2. The time for all Defendants, including ABS, to respond to the Complaint, by motion, answer, or otherwise, shall be through and including December 2, 2026;

[2] The term "Defendants" does not include defendant 100x Holdings Limited.

3. If Defendants respond by motion, then the time for Plaintiffs to file their opposition papers shall be through and including January 15, 2027;

4. If Defendants respond by motion, then the time for Defendants to file their reply papers shall be through and including January 29, 2027;

5. Other than the defense of improper service of process, Defendants reserve all other defenses, including lack of personal jurisdiction; and

6. This Stipulation and Order shall not be deemed to constitute: (i) consent to the subject matter jurisdiction of the Bankruptcy Court; (ii) consent to the Bankruptcy Court's entry of final orders or judgments with respect to any claim or matter as to which such consent is required; (iii) a waiver of any argument as to the Bankruptcy Court's statutory or constitutional authority to hear or finally determine any claim or matter; or (iv) a waiver of Defendants' right to seek withdrawal of the reference pursuant to 28 U.S.C. § 157(d). Defendant expressly reserves all such rights, objections, defenses, and arguments.

[*Remainder of page intentionally left blank*]

**SO STIPULATED:**

Date: October 19, 2026

**MCDERMOTT WILL & SCHULTE LLP**

<u>*/s/ Joseph B. Evans*</u>
Joseph B. Evans
Darren Azman
Steven T. Knipfelberg (*pro hac vice* forthcoming)
Daniel H. Kaltman
Joseph Aminov (*pro hac vice* forthcoming)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
jbevans@mcdermottlaw.com
dazman@mcdermottlaw.com
sknipfelberg@mcdermottlaw.com
dkaltman@mcdermottlaw.com
jaminov@mcdermottlaw.com

*Counsel to Blockchain Recovery Investment Consortium, LLC, Litigation Administrator and Complex Asset Recovery Manager, as Representative for the Post-Effective Date Celsius Debtors*

**ESSEKS INGOGLIA**

<u>*/s/ David C. Esseks*</u>
David C. Esseks
Rebecca Ann Cecchini
Megan Sharkey
350 Fifth Avenue, Suite 5310
New York, New York 10118
Telephone: (212) 206-2502
David.Esseks@EsseksIngoglia.com
Rebecca.Cecchini@EsseksIngoglia.com
Megan.Sharkey@EsseksIngoglia.com

*Counsel to Defendants HDR Global Trading Limited, ABS Global Trading Limited, Shine Effort Inc. Limited, and HDR Global Services (Bermuda) Limited*

[*Remainder of page intentionally left blank*]

**IT IS SO ORDERED:**

Dated: October ____, 2026
New York, New York

_________________________________
MICHAEL E. WILES
United States Bankruptcy Judge